## Case No. 16,549.

### UNITED STATES v. TURNER.

[2 N. Y. Leg. Obs. 256.]

District Court, D. Connecticut. 1843.

REVOLT AND MUTINY—NEGLECT OF DUTY—SOLICITING SEAMAN TO COMMIT A FELONY.

Charles Chapman, U. S. Dist. Atty.
Colin M. Ingersoll, for prisoner.

JUDSON, District Judge. The prisoner [Peter Turner] was indicted under the second section of the act of congress entitled "An act in amendment of the acts for the punishment of offences against the United States." [4 Stat. 776.] The indictment contained four counts; the first charging the prisoner, a mariner on board the brig Marshall, an American vessel, the vessel being then on the high seas, and within the admiralty and maritime jurisdiction of the United States, with endeavoring to make a revolt or mutiny on board said vessel, and combining, conspiring, and confederating with other persons on board said vessel to make a revolt or mutiny, and soliciting inciting, and stirring up one Charles J. Richardson, then a mariner, and one of the crew on board said vessel, to refuse and neglect his proper duty on board thereof, and betray his proper trust therein, &c. The second count recited as before, and, in addition, charged the prisoner with soliciting and inciting others of the crew, &c. The third count recited as before, and, in addition, charged the prisoner with soliciting Charles J. Richardson to take, steal, and carry away from said vessel a large sum of money, to wit, of the value of $4,000. The fourth count charged the

prisoner with soliciting and inciting Richardson, &c., to refuse and neglect his proper duty, &c., and with soliciting Richardson, &c., and others, &c., to take, steal, &c.

On the trial it appeared from the testimony of the commander of the brig that the vessel was lying at a place called Humaco, Porto Rico, for the purpose of taking in a cargo of molasses. The vessel lay midway between the shore and a small island of about a mile in length, in about three fathoms water. Humaco is the only place where vessels take in their cargoes from Porto Rico. It further appeared from the testimony of Richardson, an unnaturalized foreigner, who shipped as second mate on board the vessel, but who did duty, for about a week, and at the time complained of, as a seaman on board the brig, that while he and the prisoner were on shore, the prisoner solicited him to steal the money on board the brig; and that afterwards, the next day, on board the brig, he was solicited to steal, &c. No evidence was offered to show that the prisoner was a seaman at the time of the alleged offence.

The counsel for the prisoner offered no evidence to the jury, but claimed to the court: (1) That the indictment was insufficient. The three first counts charge each three distinct offences; they must fail. (2) That the offence, if committed, was not upon the "high seas," and within the admiralty and maritime jurisdiction of the United States. It was committed on shore, and not within the jurisdiction of the United States, but within a foreign jurisdiction. If the offence was committed on board the vessel, still, under the act of congress which it is claimed has been violated, it was not within the jurisdiction of the United States. (3) That the act of congress provides "that, if any one or more of the crew of an American ship or vessel shall," &c. No evidence has been adduced that the prisoner was one of the crew of the brig Marshall. The laws of the United States provide who shall be considered the crew, &c., of an American vessel, and what shall be the evidence of such fact. No "list" or "shipping articles" have been presented in this case; neither any direct parol evidence that the prisoner was a mariner on board the brig at the time complained of. (4) That the prisoner, if convicted, must be convicted on the fourth count of the indictment, to wit, "soliciting and inciting Chas. J. Richardson, one of the crew, &c., to refuse," &c. The act of congress under which the offence is alleged to have been committed is in words following: "That if any one or more of the crew of an American ship or vessel on the high seas, or on any other waters within the admiralty and maritime jurisdiction of the United States, shall endeavor to make a revolt or mutiny on board such ship or vessel, or shall combine, conspire, or confederate with any other person or persons on board to make such revolt or mutiny, or shall solicit, incite, or stir up any other or others of the crew to disobey or resist the lawful or-

ders of the master or other officer of such ship or vessel, or to refuse or neglect their proper duty on board thereof, or betray their proper trust therein, &c., he shall be punished by a fine not exceeding $1,000, or imprisonment not exceeding five years, or both, &c." Charles J. Richardson, the person alleged to have been "solicited," &c., was not one of the "crew," but, if anything, an "officer" on board the vessel. The act makes a distinction between "officer" and "crew." If Richardson was an "officer," there has been no offence committed. (5) Richardson was legally neither an "officer" nor of the "crew," but only acting as officer. He was an Englishman, shipped under a false name, and cannot be considered either one of the "crew" or an "officer."

The case, after arguments, was submitted to the jury, who after six hours' consultation returned a verdict of not guilty on the three first counts, and guilty on the fourth count. The counsel for the prisoner moved in arrest of judgment. The objections were heard the following morning, and overruled by the judge, and the prisoner was sentenced to six months imprisonment in the county jail.